IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. L-03-520 (1) |
| | § | |
| ORALIA CASSO-VARGAS. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LETTER MOTION WITHOUT PREJUDIC E**

Pending before the Court is Defendant Oralia Casso-Vargas' letter motion, received by the Court on April 4, 2008. In it, she appears to be asking for information concerning her current sentence and also some unspecified "pending charges." Specifically, she states that she wants "to know if the time [she] did between March-May counts towards [her] current sentence of 22 months." She also states that she has some "pending charges" against her and that the existence of those charges is rendering her ineligible for time off her sentence, despite her participation in a drug treatment program. She complains that she wrote her attorney regarding the pending charges, but has not received a response.

The Clerk is hereby directed to docket the letter as a miscellaneous letter motion requesting information. For the reasons set forth herein, the motion is DENIED WITHOUT PREJUDICE to Defendant's ability to seek relief elsewhere.

**I.    Request for Information Concerning Her Sentence**

As to her request for information regarding her sentence, the Court is not clear exactly what Casso-Vargas is asking. If the reference of "March-May" is a reference to the

1

60-day sentence imposed by this Court as a result of her supervision being revoked in April 2007 (see D.E. 38, 41), that is a separate sentence from the 22-month sentence she is currently serving. The 22-month sentence was imposed when this Court revoked her supervision a second time, by a judgment of revocation entered August 28, 2007. (D.E. 50.)

In any event, the Court is unable to give information to Casso-Vargas as to how the Bureau of Prisons is computing her sentence and what time she has been or has not been given credit for. She should instead seek that information from the Bureau of Prisons. If she wants to challenge the BOP's computation of a sentence should be brought in a motion pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)(a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration")(citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit under § 2241).

If Defendant elects to file a § 2241 motion, she should file it in the district where she is incarcerated. See Pack, 218 F.3d at 451. She is currently incarcerated at Carswell Federal Medical Center in Fort Worth, Texas, which is located in the Northern District of Texas, Fort Worth Division. Thus, assuming she remains incarcerated in Fort Worth,

Casso-Vargas should file any § 2241 petition in that court.[1]

## II.   Request for Information Concerning Pending Charges

The information she seeks regarding the unspecified "pending charges" should also be sought elsewhere because the Court cannot provide an answer to Casso-Vargas' request for information.  As noted, she claims that unspecified "pending charges" are making her ineligible for the reduction in her sentence  that would otherwise result from her participation in the BOP's comprehensive drug treatment program.  The Court does not know what charges she is referring to, although it notes that the most recent petition for revocation in her case refers to two alleged offenses (unauthorized use of a motor vehicle and theft, both occurring July 29, 2007) that had been referred to the Nueces County District Attorney's Office and remained "pending indictment."  (See D.E. 47.)  This Court does not have any information, however, as to whether those or any other offenses have resulted in indictments against her in Nueces County.  Accordingly, this Court is unable to provide her with any information concerning those offenses, and her request is therefore DENIED.

Her complaint that her attorney has not responded to her request for information about her "pending charges" would not appear to raise an ineffective assistance of counsel claim in the instant case.  Nonetheless, to the extent she wishes to challenge her conviction

---

[1] The law also requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).  Casso-Vargas' motion does not indicate whether she has sought relief from the BOP, but she would need to fully exhaust her administrative remedies prior to filing a § 2241 petition.

or sentence herein as being the result of ineffective assistance of counsel, such a challenge is properly raised in a motion pursuant to 28 U.S.C. § 2255, not in a letter to this Court.

## **CONCLUSION**

As noted herein, it is unclear to this Court exactly what information and exactly what relief Casso-Vargas seeks from the Court. Moreover, the information she appears to be requesting is more properly sought from other sources. To the extent her letter motion requests some relief from the Court, however, it is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 24th day of April 2008.

_____
HAYDEN HEAD
CHIEF JUDGE